FOX ROTHSCHILD LLP
Carolyn D. Richmond, Esq.
Eli Z. Freedberg, Esq.
100 Park Avenue, Suite 1500
New York, NY 10017
Tel: (212) 878-7900
Fax: (212) 692-0940
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUNCHANA BALL and KIRA BRIZZI, Individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>- against –<br><br>MASA NY, LLC and MASAYOSKI TAKAYAMA,<br><br>Defendant. | Index No. 12-cv-8738 (AKH)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants Masa NY, LLC and Masayoshi Takayama (improperly pled as Masayoski Takayama) ("Defendants"), by their attorneys, Fox Rothschild LLP, hereby answer the Complaint ("Complaint") filed by Plaintiffs Runchana Ball and Kira Brizzi (collectively "Plaintiffs") as follows:

In response to all non-numbered paragraphs, and each and every substantive allegation of the Complaint, Defendants deny that they violated the law and/or that they harmed Plaintiffs in any way.

### JURISDICTION AND VENUE

1.   Defendants deny the allegations set forth in Paragraph "1" of the Complaint, except they admit that Plaintiffs purport to bring this action on behalf of a putative class and collective pursuant to the statutory provision referenced in Paragraph "1" of the Complaint and that Plaintiffs seek the recovery of "minimum wages, overtime compensation, [and] spread of

hours pay." Defendants affirmatively deny the existence of any such class or collective and further deny that they violated the law and deny that Plaintiffs are entitled to any damages.

2. Defendants admit that Plaintiffs have invoked the jurisdiction of the Court under the statutes referenced in Paragraph "2" of the Complaint. The remainder of the allegations in Paragraph "2" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

3. Defendants admit that Plaintiffs have invoked the jurisdiction of the Court under the statutes referenced in Paragraph "3" of the Complaint. The remainder of the allegations in Paragraph "3" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

4. Defendants admit that Plaintiffs have laid venue in this district under the statute referenced in Paragraph "4" of the Complaint. The remainder of the allegations in Paragraph "4" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

## PARTIES

5. Defendants deny the allegations set forth in Paragraph "5" of the Complaint, but admit that Ms. Ball worked at Masa until June 2012.

6. Defendants admit the allegations set forth in Paragraph "6" of the Complaint.

7. Defendants deny the allegations set forth in Paragraph "7" of the Complaint, but admit that a document that purports to be Runchana Ball's consent to join form is attached to the Complaint.

8. Defendants deny the allegations set forth in Paragraph "8" of the Complaint, but admit that a document that purports to be Kira Brizzi's consent to join form is attached to the Complaint.

9. Defendants admit the allegations set forth in Paragraph "9" of the Complaint.

10. Defendants deny the allegations set forth in Paragraph "10" of the Complaint.

## FACTS

11. Defendants deny the allegations set forth in Paragraph "11" of the Complaint.

12. Defendants deny the allegations set forth in Paragraph "12" of the Complaint.

13. Defendants admit the allegations set forth in Paragraph "13" of the Complaint.

14. Defendants admit the allegations set forth in Paragraph "14" of the Complaint.

15. Defendants deny the allegations set forth in Paragraph "15" of the Complaint.

16. Defendants deny the allegations set forth in Paragraph "16" of the Complaint.

17. Defendants deny the allegations set forth in Paragraph "17" of the Complaint.

18. Defendants deny the allegations set forth in Paragraph "18" of the Complaint.

19. Defendants deny the allegations set forth in Paragraph "19" of the Complaint, but admit that on occasion Plaintiff Ball and/or Plaintiff Brizzi may have worked shifts in excess of 10 hours a day.

20. Defendants deny the allegations set forth in Paragraph "20" of the Complaint.

21. Defendants deny the allegations set forth in Paragraph "21" of the Complaint, except admit that other food servers worked at Masa Restaurant.

22. Defendants deny the allegations set forth in Paragraph "22" of the Complaint, except admit that, on occasion, a food server at Masa, may have worked more than forty (40) hours in a week.

23. Defendants admit the allegations set forth in Paragraph "23" of the Complaint.

24. Defendants admit the allegations set forth in Paragraph "24" of the Complaint.

25. Defendants deny the allegations set forth in Paragraph "25" of the Complaint.

26. Defendants deny the allegations set forth in Paragraph "26" of the Complaint.

27. Defendants deny the allegations set forth in Paragraph "27" of the Complaint.

28. Defendants deny the allegations set forth in Paragraph "28" of the Complaint.

29. Defendants deny the allegations set forth in Paragraph "29" of the Complaint, except admit that, on occasion, a food server may have worked a shift in excess of ten (10) hours in a day.

30. Defendants deny the allegations set forth in Paragraph "30" of the Complaint.

31. Defendants deny the allegations set forth in Paragraph "31" of the Complaint.

32. Defendants deny the allegations set forth in Paragraph "32" of the Complaint.

## GENERAL ALLEGATIONS

33. Defendants deny the allegations set forth in Paragraph "33" of the Complaint, except they admit that Plaintiffs purport to bring this action on behalf of a putative collective pursuant to the statutory provision referenced in Paragraph "33" of the Complaint and that Plaintiffs seek the recovery of "minimum wages, overtime compensation, and spread of hours pay and statutory penalties." Defendants affirmatively deny the existence of any such collective and further deny that they violated the law and deny that Plaintiffs are entitled to any damages.

34. Defendants deny the allegations set forth in Paragraph "34" of the Complaint.

35. Defendants deny the allegations set forth in Paragraph "35" of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

36. In response to Paragraph "36" of the Complaint, Defendants do not dispute that Plaintiffs purport to bring this action on behalf of a putative collective defined as, 'food servers who worked at Masa NY, LLC at any time from six years prior to the filing of this action to the entry of judgment in this action who give their consent, in writing, to become party plaintiffs." Defendants deny that Plaintiffs are entitled to proceed collectively.

37. Defendants deny the allegations set forth in Paragraph "37" of the Complaint.

38. Defendants deny the allegations set forth in Paragraph "38" of the Complaint.

39. Defendants deny the allegations set forth in Paragraph "39" of the Complaint.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 ET SEQ.
## FAILURE TO PAY MINIMUM WAGES

40. In response to Paragraph "40" of the Complaint, Defendants repeat and restate each of the above responses as if fully set forth herein.

41. The allegations contained in Paragraph "41" of the Complaint do not contain any allegations of fact that can admitted or denied and therefore no response is required.

42. The allegations set forth in Paragraph "42" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

43. Defendants admit the allegations set forth in Paragraph "43" of the Complaint.

44. Defendants deny the allegations set forth in Paragraph "44" of the Complaint.

45. Defendants deny the allegations set forth in Paragraph "45" of the Complaint.

46. Defendants deny the allegations set forth in Paragraph "46" of the Complaint.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 ET SEQ.
## FAILURE TO COMPENSATE FOR OVERTIME

47. In response to Paragraph "47" of the Complaint, Defendants repeat and restate each of the above responses as if fully set forth herein.

48. The allegations contained in Paragraph "48" of the Complaint do not contain any allegations of fact that can admitted or denied and therefore no response is required.

49. The allegations set forth in Paragraph "49" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

50. Defendants admit the allegations set forth in Paragraph "50" of the Complaint.

51. The allegations set forth in Paragraph "51" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

52. The allegations contained in Paragraph "52" of the Complaint do not contain any allegations of fact that can admitted or denied and therefore no response is required.

53. Defendants deny the allegations set forth in Paragraph "53" of the Complaint.

54. Defendants deny the allegations set forth in Paragraph "54" of the Complaint.

55. Defendants deny the allegations set forth in Paragraph "55" of the Complaint.

56. Defendants deny the allegations set forth in Paragraph "56" of the Complaint.

57. The allegations set forth in Paragraph "57" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

58. Defendants deny the allegations set forth in Paragraph "58" of the Complaint.

59. Defendants deny the allegations set forth in Paragraph "59" of the Complaint.

## STATE-WIDE CLASS ALLEGATIONS

60. In response to Paragraph "60" of the Complaint, Defendants do not dispute that Plaintiffs purport to bring this action on behalf of a putative class. Defendants deny that Plaintiffs are entitled to proceed collectively as a class.

61. The allegations contained in Paragraph "61" and sub-paragraphs 61(a)-(e) of the Complaint do not contain any allegations of fact that can admitted or denied and therefore no response is required.

### Class Definitions

62. In response to Paragraph "62" of the Complaint, Defendants do not dispute that Plaintiffs purport to bring this action on behalf of a putative class defined as "food servers at the Defendants' at [sic] Masa NY, LLC at any time from six years prior to the filing of this Action to the entry of judgment in this Action." Defendants deny that Plaintiffs are entitled to proceed collectively as a class.

### Numerosity

63. Defendants deny the allegations set forth in Paragraph "63" of the Complaint.

64. Defendants deny the allegations set forth in Paragraph "64" of the Complaint, but admit that Defendants maintain records that could be used to identify members of the putative class.

### Common Questions of Fact or Law

65. Defendants deny the allegations set forth in Paragraph "65" and subparagraph 65(a)-(l) of the Complaint.

66. Defendants deny the allegations set forth in Paragraph "66" of the Complaint.

### Typicality

67. Defendants deny the allegations set forth in Paragraph "67" of the Complaint.

NY1 631031v1 02/21/13

### Adequacy

68. Defendants deny the allegations set forth in Paragraph "68" of the Complaint.

### Superiority

69. Defendants deny the allegations set forth in Paragraph "69" of the Complaint.

70. Defendants deny the allegations set forth in Paragraph "70" of the Complaint.

71. Defendants deny the allegations set forth in Paragraph "71" of the Complaint.

### COUNT III
### VIOLATION OF THE NEW YORK LABOR LAW ARTICLES 6 AND 19
### FAILURE TO PAY MINIMUM WAGES UNDER NEW YORK LABOR LAW

72. In response to Paragraph "72" of the Complaint, Defendants repeat and restate each of the above responses as if fully set forth herein.

73. Defendants deny the allegations set forth in Paragraph "73" of the Complaint.

74. Defendants deny the allegations set forth in Paragraph "74" of the Complaint.

75. Defendants deny the allegations set forth in Paragraph "75" of the Complaint.

76. Defendants deny the allegations set forth in Paragraph "76" of the Complaint.

### COUNT IV
### VIOLATION OF THE NEW YORK LABOR LAW ARTICLES 6 AND 19
### FAILURE TO PAY OVERTIME UNDER NEW YORK LABOR LAW

77. In response to Paragraph "77" of the Complaint, Defendants repeat and restate each of the above responses as if fully set forth herein.

78. Defendants deny the allegations set forth in Paragraph "78" of the Complaint.

79. The allegations contained in Paragraph "79" of the Complaint do not contain any allegations of fact that can admitted or denied and therefore no response is required.

80. Defendants deny the allegations set forth in Paragraph "80" of the Complaint.

81. The allegations set forth in Paragraph "81" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

82. Defendants deny the allegations set forth in Paragraph "82" of the Complaint.

83. Defendants deny the allegations set forth in Paragraph "83" of the Complaint.

84. Defendants deny the allegations set forth in Paragraph "84" of the Complaint.

85. Defendants deny the allegations set forth in Paragraph "85" of the Complaint.

86. Defendants deny the allegations set forth in Paragraph "86" of the Complaint.

## COUNT V
## FAILURE TO PAY SPREAD OF HOURS COMPENSATION

87. Defendants deny the allegations set forth in Paragraph "87" of the Complaint.

88. Defendants deny the allegations set forth in Paragraph "88" of the Complaint.

89. Defendants deny the allegations set forth in Paragraph "89" of the Complaint.

90. Defendants deny the allegations set forth in Paragraph "90" of the Complaint.

91. Defendants deny the allegations set forth in Paragraph "91" of the Complaint.

92. Defendants deny the allegations set forth in Paragraph "92" of the Complaint.

## COUNT VI
## VIOLATION OF NYLL SECTION 196-d

93. Defendants deny the allegations set forth in Paragraph "93" of the Complaint.

94. Defendants deny the allegations set forth in Paragraph "94" of the Complaint.

95. Defendants deny the allegations set forth in Paragraph "95" of the Complaint.

## PRAYER FOR RELIEF

96. In response to this paragraph and sub-paragraphs "A-I" that follow the phrase "WHEREFORE, Plaintiffs, individually and on behalf of others similarly situated" Defendants

deny the allegations and affirmatively aver that neither Plaintiffs nor any individual or group who Plaintiffs purport to represent are entitled to any of the relief requested or any other relief.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

97.     The Complaint, and each claim purported to be alleged therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

98.     The Complaint, and each claim purported to be alleged therein, is barred in whole or in part, by the equitable doctrines of laches, unclean hands, and/or avoidable consequences.

### THIRD AFFIRMATIVE DEFENSE

99.     To the extent Plaintiffs and putative collective and/or class action members have received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury.

### FOURTH AFFIRMATIVE DEFENSE

100.    At all times material hereto, the actions of Defendants were justified under the circumstances and at all times material hereto Defendants acted in a manner that was proper, reasonable and lawful and in the exercise of good faith.

### FIFTH AFFIRMATIVE DEFENSE

101.    With respect to some or all of the claims brought or allegedly brought by the Named Plaintiffs on behalf of themselves and/or on behalf of any putative class or collective action, Defendants affirmatively plead that any act(s) and/or omission(s) that may be found to be in violation of the rights afforded by applicable law were not willful but occurred in good faith

and with reasonable grounds for believing that they were in complete compliance with applicable law.

### SIXTH AFFIRMATIVE DEFENSE

102. Plaintiffs cannot establish or satisfy the requirements necessary to proceed collectively under 29 U.S.C. §216(b) because, *inter alia*, Plaintiffs are not similarly situated to the putative collective.

### SEVENTH AFFIRMATIVE DEFENSE

103. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to 29 U.S.C. § 255.

### EIGHTH AFFIRMATIVE DEFENSE

104. Plaintiffs are precluded from recovering any amounts from Defendant where Defendant have paid Plaintiffs all sums legally due under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the New York Minimum Wage Act, N.Y. Labor Law §§ 650 *et seq.*, Article 6 of the New York Labor Law, N.Y. Labor Law §§ 190 *et seq.*, and all of their implementing regulations (collectively "Applicable Law").

### NINTH AFFIRMATIVE DEFENSE

105. Plaintiffs may not recover liquidated damages, because: (1) Defendants and all of their officers, directors, managers, and agents acted in good faith and did not commit willful violation of Applicable Law; (2) Defendants and their officers, directors, managers, and agents did not authorize any such willful violation with respect to Plaintiffs or any alleged member of any purported class or collective action, the existence of which Defendants affirmatively denies; and (3) Plaintiffs have failed to plead facts sufficient to support recovery of such damages.

### TENTH AFFIRMATIVE DEFENSE

106.  Plaintiffs are precluded from recovering any amounts from Defendants for failure to pay compensation for hours worked because such time was worked without manager knowledge or approval.

### ELEVENTH AFFIRMATIVE DEFENSE

107.  The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the New York Labor Law.

### TWELFTH AFFIRMATIVE DEFENSE

108.  The Complaint fails to state a claim upon which relief consisting of compensatory or liquidated damages or any other damages, interests, costs, or fees allowed by applicable law may be granted.

### THIRTEENTH AFFIRMATIVE DEFENSE

109.  Plaintiffs' state law claims cannot proceed as a class action under the Federal Rules of Civil Procedure because the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* and they s collective action procedure mechanism preempt state law that might otherwise permit class action treatment.

### FOURTEENTH AFFIRMATIVE DEFENSE

110.  Plaintiffs cannot establish or satisfy the requirements for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure and, therefore, the class certification allegations of the Complaint should be stricken and dismissed.

### FIFTEENTH AFFIRMATIVE DEFENSE

111.  Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 27 U.S.C. § 259, because actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten

administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### SIXTEENTH AFFIRMATIVE DEFENSE

112. Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exclusions, exceptions, or credits provided for in the Fair Labor Standards Act, the New York Labor Law, and their implementing regulations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

113. Plaintiffs' claims are barred in whole or in part to the extent that some or all of the disputed time is not compensable pursuant to the provisions of the Portal-to-Portal Act of 1947 and/or New York law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

114. Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

### NINETEENTH AFFIRMATIVE DEFENSE

115. Plaintiffs' and the putative class members' and the putative collective's claims are barred by the doctrine of res judicata and collateral estoppel.

### TWENTIETH AFFIRMATIVE DEFENSE

116. Defendant reserve the right to assert such other additional and/or affirmative defenses that may become known to they through discovery.

### DEFENDANTS' PRAYER FOR RELIEF

117. Except as expressly admitted and alleged herein, Defendants deny each and every allegation set forth in the Complaint and denies Plaintiffs are entitled to any relief whatsoever. Further, Defendants deny the existence of any purported class or group of persons who Plaintiffs purport to represent.

WHEREFORE, having fully answered and responded to the allegations of the Complaint, Defendant respectfully requests that:

A.  Plaintiffs' individual claims be dismissed with prejudice in their entirety;

B.  Collective and/or class action status be denied or, in the alternative, that all collective and/or class claims be dismissed with prejudice;

C.  Each and every request for relief in the Complaint be denied;

D.  Judgment be entered against Plaintiffs and for Defendants;

E.  Defendants be awarded they s costs, including reasonable attorneys' fees and expenses in an amount and manner permitted by applicable law; and

F.   Defendants be granted such other and further relief as this Court may deem just and proper.

Dated: New York, New York  
February 21, 2013

FOX ROTHSCHILD LLP

/s/ Carolyn D. Richmond  
By: Carolyn D. Richmond  
    Eli Z. Freedberg  
100 Park Avenue, Suite 1500  
New York, New York 10017  
(212) 878-7900

*Attorneys for Defendant*